## BARTON *v.* BARTON.

[No. 7,820.   Filed February 20, 1913.]

1. PRINCIPAL AND AGENT.—*Husband and Wife.—Power of Attorney. —Construction.—Death of Wife.—Revocation.*—A power of attorney executed by a husband and wife directly authorizing the attorney in fact to convey the property of "any one of us," etc., and not containing any power to convey joint property, is several and is not revoked by the death of the wife.   p. 539.

2. PRINCIPAL AND AGENT.—*Power of Attorney.—Payment of Money to Authorized Agent.—Recovery.*—One who pays money to an agent authorized to receive it is entitled to his credit without tracing the fund through the hands of the agent and into those of his principal, so that where an agent, authorized by a power of attorney to borrow money on "the note, notes, mortgage or mortgages" of the principal, borrowed money on his promise to give the note of the principal therefor, a recovery may be had by the lender against the principal, although no note was ever executed. p. 540.

3. PRINCIPAL AND AGENT.—*Existence of Relation.—Evidence.—Instructions.*—In an action for money loaned, where it was alleged that defendant borrowed the money through an agent, evidence that the alleged agent received a check from plaintiff and deposited same to defendant's credit, and was constantly loaning money for defendant, and performed other and similar acts for defendant, an instruction by which the question of whether he was the defendant's agent in the making of such loan was left wholly to the jury, after a consideration of all the facts shown, was proper.   p. 541.

4. PRINCIPAL AND AGENT.—*Power of Attorney.—Recovery of Money Paid to Agent.—Instructions.*—In an action to recover money alleged to have been loaned to defendant through his agent, an instruction that if the jury determined from all the evidence that a power of attorney from defendant to such agent was in force during the time of the business dealings between plaintiff and such agent, and that such agent borrowed the money under the

authority therein granted, defendant would be liable, was not erroneous. p. 541.

5. APPEAL.—*Review.*—*Instructions.*—*Refusal.*—The refusal of requested instructions is not error, where they are fully covered by others given, or where they are not applicable to the evidence. p. 541.

6. APPEAL.—*Review.*—*Affirmance.*—Where there is ample evidence to support the verdict, and no prejudicial error is shown by the record, the judgment must be affirmed. p. 542.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Dennis Barton against Patrick Barton, Sr. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. F. Neal* and *N. C. Neal,* for appellant.

*James V. Kent, Thomas M. Ryan* and *Shirts & Fertig,* for appellee.

IBACH, C. J.—This action was brought by a complaint in two paragraphs. The first is for money had and received and the second for money loaned to appellant at his instance and request. Each paragraph is based on alleged transactions between appellee and appellant by and through John D. Barton, who, it is claimed by appellee, was the attorney in fact of appellant. The issues were finally joined by an answer in general denial. There was a trial by jury, resulting in a verdict and judgment for appellee in the sum of $1,785.58 and costs. The only error assigned and relied on for reversal is the action of the trial court in overruling appellant's motion for a new trial. At the trial appellee introduced and had read in evidence a certain power of attorney executed by appellant and his wife, which is in the following words:

"Know all men by these presents, that we, Patrick Barton and his wife Bridget Barton, all of Coles county in the State of Illinois, have made constituted and appointed, and by these presents do make constitute and appoint John D. Barton of Clinton county in the State of Indiana, our true and lawful attorney for us and in our name and stead to make, sign each of our names

thereto, execute and deliver general warranty deeds for any and all real estate of whatsoever kind or description owned by any one of us, and situated in Clinton county, in the State of Indiana, to any and all person or persons or corporations to whom the said John D. Barton may desire to sell or trade any and all of said real estate, and the said John D. Barton shall have power and he is hereby expressly authorized to sell and convey any and all of said real estate owned by any one of us in said county, and to collect and receipt to said parties in full for all purchase money or other consideration received for the same.   And the said parties above named do hereby expressly authorize and empower the said John D. Barton and for that purpose he is constituted their true and lawful attorney, to make sign each and all of our names thereto to execute and deliver to any person or persons from whom the said John D. Barton may desire, to obtain the loan of any money, any note, notes, mortgage or mortgages, whatsoever, to obtain any said loan and to secure the payment thereof giving and granting unto said attorney full power and authority, to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all, intents and purposes as we might or could do if personally present, with full power of substitution and revocation hereby ratifying and confirming all that our said attorney or his substitute shall lawfully do or cause to be done by virtue hereof.   In Witness Whereof, We have hereunto set out hands and seals this 10 day of December, 1903.

P. Barton (Seal)
'Budget B.'  (Seal)
Bridget Barton  (Seal)."

It is first contended by appellant that the court erred in permitting the introduction of the instrument in evidence, because it does not tend to support any issue presented by the pleadings, that the instrument shows on its face that it is a power of attorney given by Patrick Barton and wife Bridget, and only empowers and authorizes said John D. Barton to act as attorney in fact for the two persons who executed it, jointly, and not for either of them separately, and that it was revoked by the death of the wife and therefore has no bearing on the case.

If it could be said that this power of attorney was the joint act of appellant and his wife, and was not severable in its character, the position of appellant would be upheld. *Hawley* v. *Smith* (1873), 45 Ind. 183; *Rowe* v. *Rand* (1887), 111 Ind. 206, 12 N. E. 377.

But we can scarcely conceive of an instrument more severable in its character. The parties could not have selected words more appropriate nor of greater force to constitute a several instrument than those used in the writing under construction. By its terms the agent is directly authorized to convey the property of "any one of us", and is given no power to convey property held by them jointly; he is by its terms directed to "sign each and all of our names to any note, notes, mortgage or mortgages whatsoever," to obtain any said loan and to secure the payment thereof. We therefore hold that the instrument under consideration was several and not joint, and therefore it was not revoked by the death of appellant's wife, Bridget Barton.

It is also argued that by this power of attorney the agent was only authorized to borrow money on the "note, notes, mortgage or mortgages" of the parties, and

2. therefore he had no power to borrow money to be charged to the account of the principal, as in the present case. But even if the construction contended for by appellant could be placed on the power of attorney, there was evidence to show that the money sued for had been borrowed on the promise of the agent to give the note of the principal therefor, and that he had failed to make the note. After receiving the money for the use of the principal, and after placing the same in the bank to his principal's credit, he refused to execute a note therefor. The agent was by the power of attorney authorized to receive the money. "One who pays money to an agent authorized to receive it is entitled to his credit without tracing the fund through the hands of the agent and into those of his principal. Of course, without regard to authority of agent,

money had and received may be recovered, but payment having been once made to an authorized agent, the principal cannot avoid its effect because of the delinquency of the agent.'' *Indiana Trust Co.* v. *International, etc., Assn.* (1905), 36 Ind. App. 685, 690, 74 N. E. 633.

Complaint is also made of certain instructions given by the court at the request of appellee. By the first instruction objected to, the jury was, in substance, told that if it found from the evidence that John D. Barton was the agent of appellant, and had power to make loans in his behalf, and that he did borrow money from appellee for the express use and benefit of appellant, the verdict should be for appellee for the amount so borrowed, with interest. Many facts outside of the power of attorney itself, tending to prove agency, were shown at the trial. Among the most important are the facts that John D. Barton received a check from appellee and deposited it in the bank to appellant's credit; that said agent was constantly loaning money for appellant, and that at the time the money in question was borrowed, other and similar acts were performed by him for appellant. By the instruction the determination of the question of agency is left wholly to the jury after a consideration of all the facts shown, and it was not erroneous.

The second instruction was likewise applicable to the evidence, and a correct statement of the law, for by it the jury was told that if it determined from all the evidence that the power of attorney was in force during the time of the business dealings between appellee and the agent of appellant, and such agent borrowed the money in suit under the authority granted him therein, then appellant would be liable. The remaining instruction, given at appellee's request, is not objectionable, and was quite proper for a correct determination of the merits of the case, in view of the undisputed evidence. We find no error in the refusal of the court to give

certain instructions tendered by appellant, for those which were applicable to the evidence were fully covered by other instructions given by the court of its own motion and other instructions requested by appellant, and instructions Nos. 5, 9 and 10 were properly refused, for the reason that they were not applicable to the evidence and placed an entirely erroneous construction on the instrument, which gave to appellant's agent the power of borrowing money for the use and benefit of appellant.

There is ample evidence in the record to support 6. the verdict, and since the record fails to show any error prejudicial to appellant the judgment must be affirmed. Appellant having died since this appeal was taken, the judgment is affirmed as of date of submission.

Note.—Reported in 100 N. E. 870. See, also, under (1) 31 Cyc. 1407; (3) 31 Cyc. 1672, 1678; (5) 38 Cyc. 1711; (6) 3 Cyc. 418. As to how joint powers of attorney are to be construed, see 22 Am. St. 726. As to power of attorney, given by a married woman, see 84 Am. St. 765. As to what power an agent has to borrow money, also as to ratification, see 29 Am. St. 93, 96. As to imputation to principal of notice given agent, see 24 Am. St. 228. On the question of the effect of a provision in a power of attorney declaring that it shall not be revoked by death, see 6 L. R. A. (N. S.) 855.